UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FSG SERVICES LLC,<br><br>Petitioner,<br><br>v.<br><br>FLUTTER ENTERTAINMENT PLC,<br><br>Respondent. | Case No. 22-9487<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

FSG Services LLC ("**FOX**"), by and through its counsel, respectfully petitions this Court for entry of judgment confirming an arbitration award pursuant to 9 U.S.C. §§ 9 and 207.  In support of this Petition, FOX states as follows:

## NATURE OF PETITION

1. Petitioner FOX participated in a binding arbitration with Respondent Flutter Entertainment plc ("Flutter') in New York, New York before the Honorable Kathleen A. Roberts (United States Magistrate Judge, Ret.) of JAMS ("**Judge Roberts**"), pursuant to the binding arbitration clause set forth in the parties' Legally Binding Term Sheet (the "**Term Sheet**").  A true and correct copy of the Term Sheet is attached as Exhibit 1 to the Partial Final Award (the "**Award**").  A true and correct copy of the Award is attached hereto as Exhibit A.

2. On November 4, 2022, following a lengthy hearing, the Arbitrator issued the Award fully resolving certain claims brought by FOX as Claimant and certain counterclaims brought by Flutter as Respondent-Counterclaimant.

3. FOX respectfully requests that the Court confirm the Award on or after November 18, 2022 (the date it becomes final under JAMS Rules) under 9 U.S.C. §§ 9 and 207, and direct that the Award be entered as a judgment of this Court.

1

## PARTIES

4. Petitioner FOX is a Delaware limited liability company and a wholly-owned subsidiary of Fox Corporation.

5. FOX's sole member is FSGS Holdings LLC, a Delaware limited liability company. FSGS Holdings LLC's sole member is Fox Sports I, LLC, a Delaware limited liability company. Fox Sports I, LLC's sole member is Fox Sports Holdings, LLC, a Delaware limited liability company. Fox Sports Holdings, LLC's sole member is Foxcorp Holdings LLC, a Delaware limited liability company. Foxcorp Holdings LLC's sole member is Fox Corporation, a Delaware corporation. Fox Corporation's principal place of business is located at 1211 Avenue of the Americas, New York, New York 120036.

6. Therefore, Petitioner FOX is a citizen of the States of New York and Delaware for diversity purposes.

7. Respondent Flutter is a public limited company incorporated under the laws of Ireland that operates sports betting and gaming services. Its corporate headquarters is at Belfield Office Park, Beech Hill Road, Conskeagh, Dublin 4, D04 V972, Ireland.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this proceeding pursuant to 9 U.S.C. § 203. The Award and the arbitration agreement in the Term Sheet fall under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517 (the "**New York Convention**") because they arise out of a contractual relationship which is commercial, and that relationship is not entirely between U.S. citizens. 9 U.S.C. § 202.

9. This Court also has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(2) because it is between a citizen of a State or States and a citizen of a foreign state, and

the amount in controversy exceeds $75,000, exclusive of interest and costs. A key issue in the arbitration was FOX's right to a 10-year option to acquire 18.6% of FanDuel Group Parent LLC ("**FanDuel**"), which the arbitration has vindicated and valued at $3.72 billion as of December 3, 2020.

10. This Court has personal jurisdiction over Respondent Flutter because of its substantial contacts with the State of New York, including without limitation its agreement in the Term Sheet to the arbitration provision that designates New York, New York as the place of arbitration; its agreement in the Term Sheet that any judgment on the arbitral award may be entered in any court having jurisdiction; and its active participation in the arbitration in New York that resulted in an arbitral award in this District.

11. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. §§ 9 and 204 because FOX seeks confirmation of an arbitration award issued pursuant to an agreement designating New York, New York as the location of the arbitration, and the arbitration hearing took place, and the Award was issued, in this District.

## FACTUAL BACKGROUND

12. On October 1, 2019, FOX and Flutter executed the Term Sheet. The Term Sheet concerned, among other things, Flutter's online gaming company, FanDuel, and the FOX-branded online gaming product, FOX Bet.

13. Section 9 of the Term Sheet provides that any dispute arising out of the agreement shall be settled in accordance with binding arbitration administered by JAMS. Award, Ex. A at 2.

14. The Term Sheet further provides that any arbitration shall take place in New York, New York. Term Sheet, Ex. 1, § 9.

15. The Term Sheet also provides that all disputes, claims, actions, suits or other proceedings arising under the agreement are governed by and construed and enforced in accordance with, the laws of the State of New York. Award, Ex. A at 2–3.

16. As set forth in the Award, following the execution of the Term Sheet, several disputes arose between FOX and Flutter regarding the parties' rights and obligations under that agreement.

## ARBITRATION AND AWARD

17. On April 2, 2021, FOX initiated an arbitration before JAMS by serving an arbitration demand and Statement of Claim on Flutter. In its initial Statement of Claim, FOX sought declaratory relief, specific performance, and, in the alternative, damages, stemming from Flutter's actions and statements with respect to certain Investor Units—the equivalent of ownership shares—in FanDuel and FOX's contractual option to purchase those Units (the "**FDG Option**"). Award, Ex. A at 4. The arbitration was assigned JAMS Reference No. 1425034540.

18. On April 26, 2021, Flutter filed a Response, Counterclaim, and Affirmative Defenses, which denied FOX's claims and sought declaratory relief with respect to the FDG Option, and which FOX answered on May 14, 2021. *See* Award, Ex. A at 4.

19. FOX submitted supplementary claims seeking further declaratory, injunctive, and other relief with respect to Flutter's proposed initial public offering of FanDuel (the "**IPO Transaction**") and FOX Bet. *See* Award, Ex. A at 4. Flutter denied that FOX was entitled to any of the relief FOX sought. *Id.* Flutter submitted a counterclaim seeking declaratory relief with respect to the IPO Transaction, and FOX denied that Flutter was entitled to any of the relief it sought. *See* Award, Ex. A at n.2; *see also* IPO Order, Ex. 2.

20. FOX and Flutter submitted their dispute to Judge Roberts, who was selected by FOX and Flutter pursuant to the Comprehensive Arbitration Rules and Procedures of JAMS ("**JAMS Rules**"). *See* Award, Ex. A at 2–4.

21. Over the course of the arbitration, the parties exchanged discovery and submitted pre-hearing motions and briefs. Award, Ex. A at 3–4.

22. The hearing commenced on June 21, 2022, before Judge Roberts in New York, New York. Award, Ex. A at 3–4. The Arbitrator heard live testimony from witnesses, including from retained experts, and considered hundreds of exhibits. *Id.* Evidence was received over the first 13 days of the hearing, which continued until July 12, 2022. *Id.* at 3.

23. On July 12, 2022, the Arbitrator provided the parties with tentative rulings on each of the claims and counterclaims submitted to the Arbitrator. *See* Award, Ex. A at 9. The parties thereafter submitted additional exhibits, supplemental expert reports, and post-hearing briefs. *Id.* at 3–4. The parties presented closing arguments on September 29, 2022. *Id.* at 4.

24. After hearing the Arbitrator's tentative ruling concerning the IPO Transaction, and obviously to avoid a final ruling on from the Arbitrator, Flutter promptly announced that it would not go forward with the IPO Transaction as Flutter had proposed it. On October 24, 2022, the parties entered a stipulation regarding FOX's claims and Flutter's counterclaims regarding the IPO Transaction. Award, Ex. A at n.1. Under the stipulation—the effectiveness of which was contingent on its being entered as an order by the Arbitrator—claims related to the IPO Transaction were moot and did not require adjudication, and the stipulation contemplated that the parties might have future disputes concerning a future proposed initial public offering of FanDuel. The Arbitrator signed an order (the "**IPO Order**") approving the stipulation on October 26, 2022. As set forth in the IPO Order, which is attached as Exhibit 2 to the Award and incorporated therein,

"[n]othing in [the] Stipulation and Order shall affect the confirmability or enforceability of any award entered by [the Arbitrator] or the enforceability of any judgment entered on any such award."  IPO Order, Ex. 2 ¶2.

25. On November 4, 2022, the Arbitrator issued the Award, which was made in writing and signed and affirmed by the Arbitrator.  The Award states that it fully and finally resolves the issues arbitrated by the parties, other than the parties' claims regarding the IPO Transaction, which the IPO Order rendered moot.  *See* Award, Ex. A at 4– 5.

26. The IPO Order states in paragraph 2: "This Stipulation and Order shall be deemed incorporated in [the] Partial Final Award."  The Award also expressly incorporates the Stipulation and Order.  Award, Ex. A, at 17, n.1.  By this incorporation, the Award disposes of all claims and counterclaims that were tried in the arbitration.

27. No prior requests to confirm, modify, or vacate the Award have been made.

28. Rule 25 of the JAMS Rules provides that "judgment upon the Award may be entered in any court having jurisdiction thereof."  JAMS, *Comprehensive Arbitration Rules and Procedures* (July 1, 2014), https://www.jamsadr.com/files/Uploads/Documents/JAMS-Rules/JAMS_comprehensive_arbitration_rules-2014.pdf (last visited Nov. 5, 2022).

29. Rule 24(k) of the JAMS Rules provides that, "The Award is considered final, for purposes of . . . a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service if no request for a correction is made, or as of the effective date of service of a corrected Award."  No request for correction has been made.  The Partial Final Award will therefore become final on November 18, 2022, or a later date if a request for correction is made.  The parties have conferred with the Arbitrator following service of the Award, and neither

party suggested any need for correction or made any request for correction.  FOX respectfully requests that confirmation of the Partial Final Award take place on or after November 18, 2022.

30.     The Award meets the requirements for confirmation under Sections 9 and 207 as of November 18, 2022.  Less than one year has expired since the Award was made.  The parties' arbitration agreement (and JAMS Rule 25) provides that judgment on the Award issued by the arbitrator may be entered in any court having jurisdiction, which this Court has.  There are no valid grounds to vacate, modify, defer, or refuse to confirm the Award as of the date confirmation is sought.  There are also no pending applications to vacate or modify.  The Award should be confirmed as a valid and final award pursuant to 9 U.S.C. §§ 9 and 207.

## **DEMAND FOR RELIEF**

WHEREFORE, FOX is entitled to an order:

(i)     confirming the Award on or after November 18, 2022;

(ii)    directing that the Award be entered as a judgment of this Court;

(iii)   granting FOX any such other and further relief as the Court deems just and proper.

DATED:    November 7, 2022
           New York, New York

Respectfully Submitted,

/s/ Michael W. Ross

| | |
|---|---|
| Gregory P. Joseph | Terri L. Mascherin (*pro hac vice* pending) |
| Mara Leventhal | Jenner & Block LLP |
| Christopher J. Stanley | 353 N. Clark Street |
| Joseph Hage Aaronson LLC | Chicago, IL 60654 |
| 800 Third Avenue, 30th Floor | (312) 222-9350 |
| New York, NY 10017 | |
| (212) 407-1200 | Brian J. Fischer |
| | Michael W. Ross |
| *Counsel for FSG Services LLC* | Jenner & Block LLP |
| | 1155 Avenue of the Americas |

New York, NY 10036
(212) 891-1600

*Counsel for FSG Services LLC*